Taliaeerro, J.
George Clark died on the third of March, 1873, and his wife, Frances Clark, died on the same day, a few hours only after the death of her husband; They left olographic wills, by which each testator was appointed executor of the other. Mrs. Clark had no forced heirs. She gave a portion of her estate to her husband, and a portion of it to the minor children of Julia M. Hubbard, the widow of Edward E. Willard, the adopted son of Frances Clark. Mrs. Willard applied for and received the appointment of dative testamentary executrix of *270 George Clark and Frances Clark, and she caused inventories to be made of their estates.
On the twenty-fifth of August following she filed her accounts, one of them showing the succession of George Clark to be a small one, the entire proceeds of which are absorbed by the privileged debts against it j the other showing a balance for the minor children of E. E. Willard of about $8000, after the payment of its debts.
A sweeping opposition was filed to these accounts by Mrs. Stewart, in whose behalf it is urged that all the property of both successions, as divided by the executrix, belong to and form only one succession— that of the community existing between the decedents — and that the opponent’s claim should be acquitted out of the entire assets of both. The opponent’s claim is founded upon a contract of lease entered into between George Clark and the opponent on the fourteenth of October, 1872, by which the opponent leased to Clark a dwelling house in the city of New Orleans for a term of five years from the date of the lease, at $1000 per annum, payable in monthly installments of $83 32 each. The opponent’s claim is for this rent, due and to become due. The executrix placed the opponent on her tableau of George Clark’s estate as a privileged creditor for $500, amount of rent due at that time. That sum, with the other privileged debts of the estate, consume it, so that, the opponent gets nothing more if he is restricted to the estate of George Clark for payment.
The judge a quo rejected this opposition, so far as the opponent claimed payment out of the proceeds of the estate of Mrs. Clark. This opponent objected also to the amount set down Upon the tableau of Mrs. Clark’s estate for attorney’s fees as exorbitant. This opposition was sustained, and the amount reduced from $250 to $100. After making some other unimportant changes in the accounts they were duly homologated.
From this judgment the opponent has appealed.
We think the judgment of the lower court correct. It is very clear that the assets shown as composing the separate succession of Mrs. Clark are her separate property. They are made up of only two items, viz: $103 50, value of a few articles of jewelry and silverware, and $5715 in cash received from the Knickerbocker Life Insurance Company on a life insurance policy on the life of her husband taken out for her benefit.
The opponent can not claim payment out of these assets for his debt, which is a community debt, owing by the community estate.
It is therefore ordered that the judgment appealed from be affirmed with costs.
Rehearing refused.